UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DERRICK MEADORS,

Plaintiff,

v.

LYON COUNTY, et al.,

Defendants.

Case No. 3:25-cv-00464-MMD-CSD

ORDER

This action began with a pro se civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner who has been allowed to proceed *in forma pauperis*. (*See* ECF Nos. 6, 7). On June 16, 2026, the Court entered a screening order allowing the Fourteenth Amendment welfare-check conditions claim to proceed against Lyon County and Cupp and dismissing the Fourteenth Amendment medical-indifference claim with leave to amend by July 15, 2026. (ECF No. 6). The Court also directed Plaintiff to file his updated address by July 15. (*Id.* at 9). Before that deadline expired, Plaintiff filed a notice informing the Court of his new updated address and that he wants to proceed without filing an amended complaint.

It is therefore ordered that this action will proceed on only the Fourteenth Amendment welfare-check-conditions claim against Lyon County and Cupp as stated in the screening order (ECF No. 6).

It is further ordered that service of the summonses and complaint must be perfected within 90 days under Federal Rule of Civil Procedure 4(m).

It is further ordered that the Clerk of Court **will issue** summonses for Defendants Lyon County and Cupp **and deliver the same** to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint (ECF No. 7) and this order to the U.S. Marshal for service on Defendants.

It is further ordered that the Clerk **will send 2** USM-285 forms to Plaintiff. Plaintiff will have **30 days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information completed as to each Defendant.

It is further ordered that within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then he must file a motion identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document that he submits for the Court's consideration. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. LR IC 4-1(b); Nev. LR 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate showing proper service when required.

DATED: July 22, 2026



UNITED STATES MAGISTRATE JUDGE